I must respectfully dissent from the decision reached by the majority wherein it was determined that the trial court erred in granting summary judgment in favor of Zeppernick on her claim for fraud.
Contrary to the conclusion of the majority, it is clear that based upon the evidence offered, Zeppernick met her burden of proof pursuant to Dresher v. Burt (1996), 75 Ohio St.3d 280, in presenting her motion for summary judgment on this issue. All parties concede that Zeppernick's signature had been forged on the subject loan documents. Several employees of PNC further acknowledged during their deposition testimony that PNC notarized Zeppernick's alleged signature on the loan documents in question without meeting Zeppernick and outside of her presence, without witnessing her execute such signature. These employees admitted that such procedure was routinely practiced by PNC. Given this testimony, Zeppernick clearly established fraud.
Inasmuch as PNC failed to offer any evidence to refute that which was provided by Zeppernick, and thereby failed to establish any genuine issue of material fact concerning Zeppernick's claim for fraud, I would affirm the judgment rendered by the trial court in this regard.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE